## HALL *v.* WARDEN OF MARYLAND PENITENTIARY

[H. C. No. 28, September Term, 1957.]

662

*Decided November 25, 1957.*

Before BRUNE, C. J., and COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

COLLINS, J., delivered the opinion of the Court.

This is an application by James Percy Hall for leave to appeal from the denial of a writ of *habeas corpus* after a hearing before Judge Joseph R. Byrnes on July 2, 1957.

Petitioner was convicted of robbery with a deadly weapon in three cases and sentenced to sixty years in the Maryland Penitentiary. Thereafter, he was tried in another case of robbery with a deadly weapon and sentenced to twenty years, consecutive with the sixty year term. At the hearing before Judge Byrnes his principal complaint was that the bail, which he alleges was $400,000.00, was excessive. The question of bail, after a trial and conviction and in the absence of a pending appeal, cannot be raised on *habeas corpus*. *Lievers v. Warden,* 210 Md. 670, 124 A. 2d 844.

Petitioner further contends that he was innocent of the

charge and that perjured testimony was used against him. The question of guilt or innocence or the sufficiency of the evidence cannot be raised on *habeas corpus*. *Medley v. Warden*, 207 Md. 634, 115 A. 2d 287.

Petitioner further contends that he was illegally arrested. This cannot be raised on *habeas corpus* after he has been tried and convicted. *Haynie v. Warden*, 210 Md. 668, 124 A. 2d 285.

Petitioner complains that his trial was unfair on account of the amount of publicity given it. This can be raised on appeal but not on *habeas corpus*. *Hickman v. Warden*, 203 Md. 668, 99 A. 2d 730; *Randall v. Warden*, 208 Md. 667, 119 A. 2d 712.

Petitioner complains of incompetence and lack of diligence of his attorney. He does not say that he complained to the trial judge about this and there is no allegation of fraud or collusion with any State official. *Faught v. Warden*, 205 Md. 639, 109 A. 2d 56.

Petitioner says he was not given an opportunity to question the witnesses. Judge Byrnes, in his opinion, states that the transcript of the testimony shows that the petitioner's attorney did cross-examine witnesses. Petitioner presents no facts to substantiate this charge.

Petitioner also complains that he could not consult with an attorney at the time of his arrest. This cannot be raised on *habeas corpus*. The court appointed an attorney to represent him at the trial.

Petitioner also complains that his attorney did not advise him that he could ask for a new trial or that he had the right to an appeal. His attorney may well have thought that a motion for a new trial was useless, and that an appeal was not advisable.

Petitioner further complains that he was convicted on the uncorroborated testimony of an accomplice. This goes to the sufficiency of the evidence and can be raised on appeal but not on *habeas corpus*. *Height v. Director*, 209 Md. 647, 120 A. 2d 911.

Petitioner further complains that one of his witnesses was ordered off the stand by the trial court. However, the tran-

script of the record shows that this alleged witness was really a co-defendant, and that he was not asked to leave the stand until his testimony was completed.

Petitioner also complains that some of the witnesses were intoxicated. This goes to the sufficiency of the evidence and the regularity of the proceedings and cannot be raised on *habeas corpus*.

Petitioner further complains of illegal search and seizure and the introduction of evidence so obtained. This can be raised on appeal but not on *habeas corpus*. *Wilhelm v. Warden,* 209 Md. 624, 120 A. 2d 195.

*Application denied, with costs.*